IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CREEKSIDE TERRACE LLC, | ) |
| Plaintiff, | ) ) ) ) |
| V. | ) ) No. 3:21-cv-00248 |
| TOWN OF BURNS MUNICIPAL PLANNING COMMISSION, GREGORY HOGIN, LANDON MATHIS, BRYAN COLLINS and TIMOTHY V. POTTER, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## INITIAL CASE MANAGEMENT ORDER

  **A.**  **JURISDICTION**: The court has jurisdiction pursuant to 28 U. S. C. § 1331.

  **B.**  **BRIEF THEORIES OF THE PARTIES:**

  1) PLAINTIFF: Defendants have subjected plaintiff Creekside Terrace LLC, the developer of the Camp Ravine Estates and The Cottages at Sycamore Ridge residential developments in Burns, Tennessee, to disparate and unequal treatment in the application and enforcement of the land-use provisions of the ordinances of the Town of Burns, Tennessee. Creekside, through its affiliate Better Built Homes, LLC, builds single-family homes in both Camp Ravine Estates and The Cottages at Sycamore Ridge. Defendant Gregory Hogin is a competitor of

1

plaintiff in Burns, Tennessee, who also serves as chairman of the Burns Municipal Planning Commission. Hogin and the other individual defendants have acted in their official capacities to harm plaintiff for the purpose of advancing their own financial interests. The defendants have acted out of spite because plaintiff has highlighted defendants' conflicts of interest and self-dealing. In particular, defendants convened an unlawfully called and conducted "special" meeting of the Burns Planning Commission on November 4, 2020, and purported to adopt a resolution requiring plaintiff to provide as-built drawings, drainage calculations, and other information not mandated by the Burns Subdivision Ordinance and not required of other developers in Burns, Tennessee. The resolution purported to place a moratorium on the issuance of any further building permits or certificates of occupancy in the Camp Ravine Estates development in the absence of plaintiff's compliance with the unlawful requirements set out in the resolution. Before and after the unlawful "special" meeting, defendants engaged in a smear campaign against plaintiff and effectively caused its sale of homes in the Cottages development to come to a grinding halt. Plaintiff has brought this action to recover damages and injunctive relief to remedy defendants' unlawful conduct.

2) DEFENDANT:

Defendants contend they have not violated Plaintiff's rights under federal or state law. The Town of Burns Municipal Planning Commission ("BMPC") approved the preliminary plat for Camp Ravine Estates in 2015 and the preliminary plat for the Cottages at Sycamore Ridge in 2016. In 2020, the Town received notice that Plaintiff

was not in compliance with the preliminary plat and conditions that were approved by the BMPC for Camp Ravine Estates. With proper notice, the BMPC held a special called meeting on November 4, 2020 to address the deficiencies in Camp Ravine Estates. Plaintiff was asked to provide "as-built" drawings and drainage calculations within 30 days. Up to that point, Plaintiff had failed to provide drainage calculations, which were required by the BMPC when the plats were approved. Plaintiff was also advised to consult with the Town's engineer regarding other deficiencies and/or deviations from the preliminary plat for Camp Ravine Estates. Plaintiff failed to cooperate with the Town's engineer.

Plaintiff's rights have not been violated because Defendants have not failed to issue building permits or certificates of occupancy. Plaintiff has continued to construct homes in Camp Ravine Estates, and the Town has issued building permits and certificates of occupancy. Plaintiff continues to fail to comply with the preliminary plat and applicable regulations and continues to refuse to cooperate with the Town and its engineer. Plaintiff has not suffered any harm from any action and/or inaction of Defendants.

Defendants contend they have not subjected Plaintiff to disparate and unequal treatment. Defendants contend that Plaintiff has not been treated differently from similarly situated developers in the Town of Burns. The BMPC has required that infrastructure similar to that which was required in Plaintiff's developments be installed in other proposed developments in the Town of Burns.

The individual defendants rely upon the defense of qualified immunity or good-faith immunity under federal and state law, such that it should be clear that any

reasonable official considering the totality of the circumstances upon which this action is based would have acted as they did under the circumstances. The BMPC contends that no custom, policy, or practice of the BMPC existed which caused or contributed to any alleged violation of Plaintiff's constitutional rights. Defendants assert the defenses of statute of limitations, absolute immunity for legislative, judicial or prosecutorial acts, advice of counsel, immunity under the Tennessee Governmental Tort Liability Act, unclean hands, acquiescence or estoppel, and failure to exhaust administrative remedies.

      C.    **ISSUES RESOLVED**: Jurisdiction and venue.

      D.    **ISSUES STILL IN DISPUTE**: Liability and damages.

      E.    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(l) on or before June 30, 2021.

      F.    **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before January 31, 2022. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.0l(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

      G.    **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before November 1, 2021.

      H.    **DISCLOSURE OF EXPERTS**: The plaintiff shall identify

and disclose all expert witnesses and expert reports on or before February 28, 2022. The defendant shall identify and disclose all expert witnesses and reports on or before March 31, 2022.

      I.      **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before April 29, 2022.

      J.      **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before November 30, 2021.

      K.      **DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before March 31, 2022. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed ***20 pages.*** No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

      L.      **ELECTRONIC DISCOVERY**. The parties agree that it is too early in the litigation to discuss how to conduct electronic discovery or the parameters of any specific search for potentially relevant ESI. The parties agree to discuss such parameters and will confer to attempt to reach an agreement once written discovery is propounded that seeks potentially voluminous ESI. Therefore,

the default standard contained in Administrative Order No. 174-1 need not apply to this case.

M. **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately five (5) days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

*/s/ Eugene N. Bulso*
Attorney for Plaintiff
Eugene N. Bulso (#12005)
BULSO PLC
155 Franklin Rd., Suite 400
PO Box 861
Brentwood, TN 37027
615-497-7790

*/s/Laura A. Hight*
Attorney for Defendant
Mark E. McGrady (#30026)
Laura A. Hight, BPR (#031942)
Farrar & Bates, LLP
12 Cadillac Dr. Suite 480
Brentwood, TN 37027
(615) 254-3060